# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

United States of America *ex rel.*
John MacKay,
      Plaintiff and Realtor,

vs

Touchstone Research Laboratories, Ltd.,
      Defendant

Case No. C-1-04-327
(Dlott, J; Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Relator's Motion for Award of Attorney Fees and Expenses (Doc. 40), Defendant's Memorandum in Opposition to Relator's Motion for Award of Attorney Fees and Expenses Under 31 U.S.C. §3730(d) (Doc. 43), and Relator's Reply thereto (Doc. 45).

Relator, John MacKay, seeks an award of attorney fees pursuant to 31 U.S.C. § 3730(d) in the amount of $127,440.29, as well as expenses totaling $2,711.77 for work performed in connection with Relator's claims under the False Claims Act, 31 U.S.C. § 3729, et. seq. Defendant objects to Relator's requested award on two grounds. First, Defendant argues that the settlement of Relator's §3730(h) retaliation claim disallows any recovery of attorney fees "arising out of" the retaliation claim. Second, Defendant contends that settlement of Relator's West Virginia state litigation bars recovery of attorney's fees by Relator for services "arising out of" the West Virginia litigation. Defendant argues that the invoices submitted by counsel for Relator have failed to properly segregate hours according to each of Relator's three claims.

### BACKGROUND

Relator was employed with Defendant as Director of Business Development from 1994 until he resigned in December, 2001. (Doc. 1, Complaint). Defendant Touchstone is a contractor supplying services to the United States Government, including the United States Air Force, Army, Navy, Missile Defense Agency, NASA, and the Department of Energy. (Id.). During the course of his employment with Defendant, Relator discovered instances of inappropriate billing practices on the part of Defendant primarily relating to government contracts. (Id.). In December, 2001, Relator resigned from his position with Defendant and reported what he believed to be knowing violations of Defendant's government contracts to the

Department of Defense. (Id.).

Thereafter, Relator accessed the Department of Defense website which contained confidential information concerning contract proposals by Defendant. On October 15, 2003, Defendant sued Relator in West Virginia state court for defamation, interference with contractual relations, and unfair competition as a result of Relator's unauthorized access to a Department of Defense website. Plaintiff believes that, in addition to bringing suit against Relator in West Virginia, Defendant caused Relator's new employer to terminate him.

Relator filed the underlying *qui tam* action against Defendant on May 14, 2004. (Doc. 1). The Complaint asserted three separate claims against Defendant. The first two counts allege false claims and statements by Defendant in its performance of government contracts. The third count asserted a claim for retaliation by Defendant under 31 U.S.C. §3720(h).

The United States investigated Relator's *qui tam* claims and on January 25, 2006 elected not to intervene. (Doc. 17). During this period, Relator contends, counsel conducted review of documents produced by Relator and documents produced by Defendant in the state-court case; prepared for and participated in an extensive debriefing of Relator by agents of the Defense Department, the Air Force, and NASA; took steps to secure advice from this Court to the West Virginia state court regarding the existence of the sealed matter; discussed the case with government counsel; and engaged in witness interviews. The Court unsealed the Complaint on February 14, 2006, and Defendant was served in early June, 2006.

During the seal period, Defendant pursued its state-court case against Relator. Counsel for Relator claims that they do not seek compensation in this case for activities undertaken in the West Virginia case, all of which were separately billed to Relator. However, Relator contends that, during the seal period, it was necessary for counsel to "monitor that litigation," and to "facilitate resisting [Defendant's] efforts to interrogate [Relator] regarding whether there was a *qui tam* case under seal." Relator claims that Defendant's efforts in this regard caused significant expenditures of time by Relator's counsel, primarily in April and May of 2005.

Mediation occurred on May 31, 2007, but was unsuccessful. (Doc. 35). In August, 2007, the parties reached a proposed settlement wherein Relator's §3730(h) retaliation claim was settled and the False Claims Act allegations were dismissed without prejudice to the government. The United States refused to approve the settlement in early 2008 necessitating further negotiations. In July, 2008, the parties reached a settlement in which Defendant would make a payment to the government addressing the *qui tam* allegation contained in Plaintiff's Complaint at paragraph 24(a).

Counsel Morgan Verkamp, LLC requests fees in the amount of $78,857.93 for its representation of Relator. Stone Law Firm, LLC requests fees in the amount of $48,582.36 for its representation. Relator contends that these amounts reflect reductions of approximately $35,000 "on account of the agreement not to seek fees segregable to the retaliation claim and

2

billing judgment, as well as reduction of the fee-litigation lodestar amounts to 3% of the total sought." Counsel for Relator also seeks $2,711.77 in out-of-pocket expenses.

**OPINION**

31 U.S.C. § 3730(d)(2) provides in pertinent part, that,

(2) If the Government does not proceed with an action under this section, the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages. The amount shall be not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement and shall be paid out of such proceeds. Such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.

The starting point for the Court's determination of a reasonable fee award is the fee applicant's "lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar approach is calculated by multiplying the number of hours counsel reasonably expended on the case by the attorney's "court-ascertained reasonable hourly rate." *Adcock-Ladd*, 227 F.3d at 349 (citing *Hensley, supra*). To determine the reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. *Adcock-Ladd*, 227 F.3d at 350; *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004); *Hadix v. Johnson*, 65 F. 3d 532, 536 (6th Cir. 1995). In many instances, the normal billing rate for an attorney will reflect the prevailing market rate. *NAACP, Detroit Branch v. Detroit Police*, 620 F. Supp. 1173, 1183 (E.D. Mich. 1985).

The party seeking an award of fees bears the burden of presenting evidence supporting both the hours worked and the hourly rates claimed. *Gratz v. Bollinger*, 353 F. Supp.2d 929, 937 (E.D. Mich. 2005)(quoting *Hensley*, 461 U.S. at 437); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). Where the party seeking fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled. *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551-52 (6th Cir. 2008)(citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)). On the other hand, where the documentation of hours is inadequate, or where counsel for the prevailing party seeks fees for hours that were not "reasonably expended," the district court may reduce the award accordingly. *Hensley*, 461 U.S. 433-34.

As the Supreme Court stated in *Blum*:

To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in

3

line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

465 U.S. at 895-96 & fn. 11. Where counsel fails to meet this burden, the hours attributable to an attorney who has not presented evidence regarding either the hours reasonably expended or the rates claimed may be excluded altogether from the court's fee award. *See Blackmore v. Misner*, 2005 WL 2704506, at *2 (W.D. Mich. Oct. 20, 2005).

Defendant asserts primarily two objections to the fees sought by Relator. First, Defendant contends that Relator seeks to recover fees arising out of the retaliation claim. Likewise, Defendant contends that Relator is improperly seeking to recover fees arising out of the West Virginia state court action.

Pursuant to the settlement agreement, Relator is prohibited from seeking fees pertaining to his retaliation claim under 31 U.S.C. § 3739(h). Defendant argues that counsel for Relator only excluded those items from their invoices which were obviously related to the retaliation claim. Defendant argues that the invoices submitted by Relator are too vague to allow the Court to accurately attain those hours actually spent on the retaliation claim. Defendant, therefore, requests a more detailed accounting or, failing that, a cross the board reduction of the fees sought. Counsel for Relator contends that they "eliminated charges associated with time entries obviously relating to the retaliation claims and reduced those charges pertaining to time entries which counsel "knew to have involved both claims." (Doc. 40, Ex. 2, Declaration of Frederick M. Morgan at ¶ 21). A review of Mr. Stone's invoice indicates that he adjusted entries in the same fashion. (Doc. 40, Ex. 3, Invoice of Andrew M. Stone). In the absence of clear documentation to the contrary, we have no reason to dispute the word of a respected practitioner.

*Hensley* counsels that an attorney seeking fees is not required to record in great detail how every minute of his time is expended; however, he must identify the general subject matter of his time expenditures. 461 U.S. at 437 n.12. Thus, while block billing might not provide the best possible description of hours sought, it is not a wholesale prohibited practice. *Bryant v. Dollar General Corp.*, 2007 WL 1875825 at * 4 (M.D. Tenn. June 26, 2007). This Court does not find that the billing entries in this case are insufficient. *See Imwalle* , 515 F.3d at 553-54. Counsel has identified the general subject matter of each entry and included the time expended, and information to identify which attorney or other staff member billed the time. The information is sufficient, even if the billing descriptions are not explicitly detailed. *See McCombs v. Meijer, Inc.*, 395 F.3d 546,560 (6th Cir. 2005); *Bryant*, 2007 WL 1875825 at *4 (quoting *Smith v. District of Columbia*, 466 F. Supp.2d 151, 158 (D D.C. 2006))(requirement that billing include excessive detail for every quarter hour or half hour entry would increase expense on fee petition and waste counsel's time on menial clerical tasks). Consequently, the Court declines Defendant's invitation to adjust downward the hours claimed based on vague entries and/or block billing.

Defendant next argues that Relator is seeking to recover fees which arise out of the West

4

Virginia state court action. Counsel for Relator states that no compensation is sought for any services related to the West Virginia case. We disagree with Defendant's overly restrictive interpretation of the term "arising out of the West Virginia case." We find Defendant's contention that the phrase encompasses more than its plain and obvious meaning to be without merit. It defies logic to expect counsel for Relator to operate in a vacuum. For example, as the Relator points out, it would be unethical and malpractice on the part of counsel to neglect to review and summarize Relator's deposition by Defendant in the West Virginia action. Moreover, time spent by Relator's counsel to inform the West Virginia state court of the *qui tam* seal in this case do not "arise out of" the West Virginia case. Thus we find that Relator is entitled to fees for work in the present case which were necessitated by the actions in the West Virginia case. Accordingly, no reduction will be taken with respect to the hours claimed in this respect.

While we find that no adjustment is required with respect to the fees requested for hours spent on the litigation of the present action, we find the calculations with respect to the fees requested for time spent in the preparation of the fee petition to be inaccurate. Counsel for Relator represents that they have limited the fees for time spent preparing their fee petition to 3% of the "net-net lodestar." However, in calculating such, Relator has taken 3% of the net amount of fees relative to both time spent in litigation as well as time spent preparing the fee petition. Pursuant to *Coulter v. Tennessee*, 805 F.2d 146 (6th Cir. 1986), Relator is entitled to compensation for time spent in the preparation of the fee petition but such cannot not exceed *3% of the total hours* spent litigating the case. Removing the hours spent in preparation of the fee petition from the hours spent litigating the case, renders a slightly different result. For example, 3% of the Mr. Morgan's total hours spent litigating the *qui tam* claims is 7.18 hours.[1] 2 hours of the 7.18 are attributable to Mr. Morgan's paralegal who is billed at a rate of $200 per hour, rendering an award of $400 for her time spent on the fee petition. The remaining 5.18 hours are attributable to Mr. Morgan whose time is billed at a rate of $475 per hour, rendering an award of $2460.50. Thus, the total fees for time spent relative to preparation of the fee petition would be $2860.50. When the actual amount of fees attributable to the fee petition ($6931.25) is subtracted from the total net fees ($87,320.00), $80,388.75 remains. Applying the 5% "billing judgment" adjustment, the result would then be $76,369.31 ($80,388.75 - $4019.44). Thus, the total amount to which Mr. Morgan would be entitled would be $79,229.81 ($76,369.31 + $2860.50). Because the total amount requested by Mr. Morgan is less than this amount, we find no prejudice resulting from the miscalculation. Accordingly, we find that Mr. Morgan is entitled to the requested $78,857.93 in attorney fees.

When the above method of calculation is applied to the attorney fees requested by Mr. Stone, we come to a slightly different result. 3 % of the total hours spent by Mr. Stone litigating

---

[1] Of the total 306.8 hours spent litigating Relator's claims (326.05 hrs - 19.25 hrs for fee petition), 67.45 hours pertained to litigation of the retaliation claim, leaving 239.35 hours pertaining to the *qui tam* claims.

5

the qui tam claims is 3.86 hours.[2] When multiplied by Mr. Stone's hourly rate, the resulting fee amount relating to the fee petition preparation is $$1,447.50. Subtracting the actual amount of fees attributed to the fee petition ($4558.13) from the total net amount of attorney fees ($52,831.37), $48, 273.24 remains. Applying the 5% "billing-judgment reduction" to this amount results in $45, 859.58 ($48,273.24 - $2,413.66). Thus, we find the total amount of attorney fees to which Mr. Stone is entitled is $47,307.08 ($45,859.58 + $1447.50).

Defendant does not object to Relator's application for costs. Relator seeks total expenses of $2,711.77. The Court finds that Relator is entitled to such costs. *Northcross v. Bd. of Educ. of Memphis Sch. Dist.*, 611 F.2d 624, 639 (6th Cir. 1979).

**IT IS THEREFORE RECOMMENDED THAT:**

1) Motion and Memorandum in Support of Relator's Application for an Award of Attorney Fees and Expenses (Doc. 40) be GRANTED in accordance with the decision herein.

2) Morgan Verkamp LLC be AWARDED $78,857.93 in attorney fees and $1796.74 in costs.

3) Stone Law Firm be AWARDED $47, 307.08 in attorney fees and $915.03 in costs.

Date: 9/3/09

Timothy S. Hogan
United States Magistrate Judge

---

[2] Of the 138.05 hours attributable to the litigation of Relator's claims (151.15 hrs. - 13.1 hrs for fee petition), 9.33 hours pertained to the litigation of the retaliation claim, leaving 128.72 hours attributable to the litigation of the remaining *qui tam* claims.

6

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\LES\Touchstone.attyfees final.wpd